# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**WCI, Inc.,**

    *Plaintiff*,

v.

Case No.: 3:17-cv-282
Judge Thomas M. Rose

**Ohio Department of Public Safety, et al.,**

    *Defendants.*

---

**ENTRY AND ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BY DEFENDANTS OHIO DEPARTMENT OF PUBLIC SAFETY, AND THE OHIO LIQUOR CONTROL COMMISSION, ECF 6, AND TERMINATING CASE.**

---

Pending before the Court is Motion to Dismiss for Failure to State a Claim by Defendants Ohio Department of Public Safety, and the Ohio Liquor Control Commission. ECF 6. Because the complaint does not allege any constitutional violations, the motions will be granted.

### I. Background

On March 8, 2014, agents of Ohio's Department of Public Safety's Investigative Unit entered WCI's liquor permit premise known as Cheeks, located in West Carrollton, Ohio. Cheeks is an establishment that provides dancers who perform on stage as well as providing individual dances for patrons in private areas. The agents seated themselves at a table near the bar. A dancer, later identified as Jessica Clarke approached the agents and began a conversation with them. Clarke claimed that when three dancers were on the stage, they are required to wear pasties, but for private dances it is okay to take the pasties off.

Clarke asked the agents if they were ready for a dance. One agent asked Clarke where the dance would take place and what she would do. Clarke said, "It isn't a lot, but I'll dance in your lap and take my top off, you can even touch me." Clarke led him to a private area where Clarke took off her top, removed her pasties, and placed them on the ledge attached mid-way up the wall. Clarke proceeded to sit on the agent's lap and dance without a top or pasties. She grinded her crotch against the agent's crotch, and bounced up and down on his crotch.

While performing her "dance" she put her bare breast in the agent's face moving side to side touching his face with her breasts and nipples. She turned with her back against the agent and continued to move her hips and grind her bottom into the agent's crotch area. Clarke started kissing the agent's neck and ear and told him to touch her as she guided his left hand on her left breast. She stood up on the couch and guided the agent's hands on her butt and began to put her crotch in his face and rubbed her crotch on his nose. Clarke pulled her G-string down so that he could observe her vagina. She continued grinding and massaging the agent's inner thigh.

When Clarke finished her dance she put her top on and walked the agent to a table that was located at the entrance to the private area where she gave some money to an employee whose job duties included monitoring the area for illegal activity. They exited the private area and went back to the table where the other agent was seated. The agents exited the premises and advised their supervisor of the violation.

A short time later, agents, along with uniformed West Carrollton Police Officers returned to the permit premises, identified Jessica Clarke as the dancer and issued her a summons in lieu of arrest reflecting a charge of ORC 2907.40(C)(2) Illegal Sexually Oriented Contact While Being

Nude. An agent prepared, explained, and issued a Liquor violation notice #17275 to WCI/Cheek's manager, Erick Cochran.

Clarke later pleaded no contest and was found guilty to an amended charge of disorderly conduct and sentenced to 30 days in jail, 1 year probation and ordered to pay $1,000.00 in fines and costs.

Liquor violation notice #17275 resulted in a hearing before the Ohio Liquor Control Commission on August 5, 2015. WCI's prior liquor violation history was admitted without objection at the Commission hearing and included sanctions previously rendered by the Commission. Of note, in September 2013, WCI was sanctioned for similar misconduct and received a revocation, or a $10,000.00 forfeiture. In May 2007, WCI received a 100-day suspension or a $10,000.00 forfeiture. In both of those cases WCI paid the forfeiture.

On August 20, 2015, after the Commission considered the report and WCI's evidence in mitigation, the Commission issued an order finding a violation and of Ohio Administrative Code 4301:1-1-52, known as "Rule 52." Rule 52 prohibits the display of nudity and sexual behavior at establishments operating with a liquor license. The Order gave WCI the choice of having its liquor permit revoked, or the option to pay a $25,000.00 forfeiture to be effective September 17, 2015. As Plaintiff indicated in their Complaint, the matter was appealed to the Franklin County Common Pleas Court, the 10th District Court of Appeals, and the Ohio Supreme Court.

On August 19, 2017, Plaintiff filed their action with this Court. Plaintiff's first and sixth counts assert Rule 52 violates the First Amendment rights to free expression, is not content-neutral and is not unrelated to the suppression of free speech, in violation of the First Amendment, on its face and as applied. Plaintiff's second, third, fifth and seventh counts assert Rule 52 violates the

Fourteenth Amendment's equal protection clause in that it allows for sanctions not imposed on other commercial permit holders and that amendment's due process in that it is allegedly enforced by administrative officials granted unbridled discretion to apply its provisions arbitrarily and capriciously without adequate procedural safeguards.

Plaintiff's fourth count alleges Rule 52 constitutes an unconstitutional taking without a valid public purpose in violation of the Fifth Amendment as made applicable to the states by the Fourteenth Amendment. The eighth count asserts a violation of the Eighth Amendment in that the penalties imposed by Defendants are alleged to be grossly disproportionate, allowing for the imposition of an excessive fine.

**II.	Standard of Review**

Federal Rules of Civil Procedure provide that, "after the pleadings are closed but within such time as not to delay the trial any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard as is applied to a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A court grants a motion under Rule 12(c) when the movant has clearly established that there remains no genuine issue of material fact, and that, as a matter of law, the movant is entitled to judgment. *JP Morgan Chase, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

When ruling on such a motion, a court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party. *Delaware River Port Authority v. Home Ins. Co.*, 1993 U.S. Dist. LEXIS 6749, at *3 (E.D. Pa. 1993). As such, the court must take as true the allegations of the pleadings of the non-movant;

conversely, "all contravening assertions in the movant's pleadings are taken to be false." *Melton v. Bd. of Cnty. Comm'rs of Hamilton Cnty., Ohio*, 267 F. Supp. 2d 859, 862 (S.D. Ohio 2003). Yet, a "court need not accept as true [the non-movant's] legal conclusions or unwarranted factual inferences." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). Judgment on the pleadings is appropriate when "the plaintiff can undoubtedly prove no set of facts in support of the claims that would entitle relief." *E.E.O.C v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001); see also *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In ruling on a motion to dismiss, a court can consider: (1) any documents attached, incorporated by or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 924-25 (N.D. Ohio 2009); *New Eng. Health Care Emples. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Greenberg v. Life Ins. Co*., 177 F.3d 507, 514 (6th Cir. 1999); see also Fed. R. Civ. P. 10(c). "This includes public records and government documents available from reliable sources on the Internet." *Total Benefits Planning Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 849 (S.D. Ohio 2007) (citations omitted).

### III. Analysis

WCI asserts that the evidence did not establish a violation of Ohio Administrative Code 4301:1–1–52, "Rule 52," because they deem the improper conduct a "dance" performance that cannot be sanctioned without violating the First and Fourteenth Amendments to the Constitution. ECF 1. The State counters that the dancer's public conduct in a liquor establishment violated the

administrative rules, and as applied to the facts in this case did not violate anyone's constitutional rights. WCI argues that Rule 52 is unconstitutional under the First and Fourteenth Amendments as applied to a dance performance. However, it was a dancer at WCI's liquor permitted premise that committed the violation that WCI failed to prevent. Her improper conduct in a public liquor establishment, violated the law and the liquor control commission rules and was not constitutionally protected speech. WCI's challenges are far from novel, having been resolved in prior cases. The Court will follow established precedent, binding and non-binding.

### A. First Amendment

Plaintiff decries Rule 52 is not content-neutral and is not unrelated to the suppression of free speech in violation of the First Amendment,[1] on its face and as applied. According to the Complaint, "This action does not challenge the restrictions imposed by Rule 52, but the apparently "content based" punishments imposed by the Liquor Control Commission for "exposure," or other conduct inherent in the operation of a "Gentlemen's Club."

Defendants posit that it was not Plaintiff's First Amendment rights that were violated, as it was Clarke's dance, not theirs. This, though would deny standing to a library whose books are banned; or to a museum, if the work of an artist displayed there were to cause the museum's café to lose its liquor license. This is not why Defendants prevail on the First Amendment claim.

States have a substantial interest in regulating the sale and use of alcoholic beverages within their borders. See *Capital Cities Cable, Inc. v. Crisp*, 467 U.S. 691, 712 (1984). Because the liquor industry is so heavily regulated, a liquor permit is a privilege; it is not a right. "Since

---

1 The right of freedom of speech is applicable to States under the Due Process Clause of the Fourteenth Amendment. *Gitlow v. New York*, 268 U.S. 652 (1925); *De Jonge v. Oregon*, 299 U.S. 353 (1937).

the advent of the Eighteenth and Twenty-First Amendments to the United States Constitution, it is generally recognized that intoxicating liquor is peculiarly subject to regulation by the state and is not afforded the same type of constitutional rights as might be afforded other business pursuits." *Scioto Trails Company v. Ohio Dept. of Liquor Control*, 11 Ohio App.3d 75, 76 (Ohio App. 1983). See also *State ex rel. Zugravu v. O'Brien*, 130 Ohio St. 23, at 27 (1935).

The Court notes that nude dancing for money barely qualifies for protection under the First Amendment. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 289 (2000) ("Being "in a state of nudity" is not an inherently expressive condition. As we explained in *Barnes*, however, nude dancing of the type at issue here is expressive conduct, although we think that it falls only within the outer ambit of the First Amendment's protection."). What remains is whether Rule 52's prohibition of expressive dance where alcohol is sold is a permissible time, place and manner restriction. The Court is persuaded that it allows for sober consideration of the topic of discussion. Recently, *J.L. Spoons, Inc. v. Ohio Dep't of Pub. Safety*, 31 F. Supp. 3d 933 (N.D. Ohio 2014) held that Rule 52 is a content-neutral regulation aimed at ameliorating the adverse secondary effects associated with nude dancing in an environment that sells liquor and upheld the rule. Additionally, the Sixth Circuit has found that "Rule 52 is a constitutional, content-neutral regulation of the undesirable secondary effects, including prostitution, drug trafficking, and assault, associated with nude dancing in an environment serving alcohol." *J.L. Spoons, Inc. v. Dragani*, 538 F.3d 379, 382 (6th Cir. 2008).

B. **Fourteenth Amendment**

Plaintiff decries Rule 52 violates the Constitution's guarantee of equal protection in that it allows for sanctions not imposed on other commercial permit holders and violates due process in

that it is enforced by administrative officials allegedly granted unbridled discretion to apply its provisions arbitrarily and capriciously without adequate procedural safeguards, on its face and as applied.

Plaintiff, however, has not identified who the other commercial permit holders are who are treated differently. Absent this, the claim is subject to dismissal. *Junction 615, Inc. v. Ohio Liquor Control Comm.*, 732 N.E.2d 1025, 1033 (Ohio App. 1999). As for the allegation that Defendants are enforcing Rule 52 without any constraints on their discretion, it is well settled that Rule 52 can be reasonably interpreted to prohibit the type of nude or semi-nude dancing that constituted the violation in the present case. *Planet Earth Entm't, Inc. v. Ohio Liquor Control Comm.*, 709 N.E.2d 220, 222 (Ohio App. 1998).

Moreover, the Commission considered not only the evidence for the latest specific incident, but WCI's violation history and the sanctions they previously imposed. As their record indicates WCI had previously received two sanctions for improper conduct, one that included revocation or a $10,000.00 forfeiture, and a second that was for a 100-day suspension or a $10,000.00 forfeiture.

**C.    Taking**

Plaintiff's fourth count alleges Rule 52 constitutes an unconstitutional taking without a valid public purpose in violation of the Fifth Amendment as made applicable to the states by the Fourteenth Amendment. For a taking to occur, however, property must be involved. WCI has argued this in previous cases. "[I]t is well settled that a liquor permit does not create a property right subject to traditional due process. *WCI, Inc. v. Ohio State Liquor Control Comm.*, 2016-Ohio-4778, ¶ 17, 68 N.E.3d 250, 255, (citing *WCI, Inc. v. Ohio Liquor Control Comm.,* 116 Ohio St.3d 547, 2008-Ohio-88, 880 N.E.2d 901, ¶ 24 and *State ex rel. Zugravu v. O'Brien,* 130 Ohio St. 23,

8

27, 196 N.E. 664 (1935). Cases uniformly hold that such a license does not create a property right within the constitutional meaning of that term, nor even a contract, and that it constitutes a mere permission to engage in the liquor business, which may be revoked in the prescribed legislative manner. *Id.*; See also *Wojcik v. City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001).

Even if property were involved, it has previously been shown that, "Rule 52 serves a substantial governmental interest. …[T]he State, when it promulgated Rule 52, had a reasonable evidentiary basis for concluding that nude dancing in adult cabarets leads to undesirable secondary effects. …the State…presented evidence that the combination of nude dancing with the consumption of alcohol by dancers and patrons increases the likelihood of criminal activity within the premises of adult cabarets." *J.L. Spoons, Inc. v. Ohio Dep't of Pub. Safety*, 31 F. Supp. 3d 933, 951 (N.D. Ohio 2014). Given these previous holdings, which the Court finds persuasive, Plaintiff has failed to articulate a taking.

### D. Eighth Amendment

Plaintiff's eighth count alleges Rule 52 imposes penalties that are allegedly unconstitutional for being grossly disproportionate, allegedly constituting an excessive fine, in violation of the Eighth Amendment. This claim has already been litigated in the context of WCI's previous, lesser fines. "Suspension and revocation of state-issued permits generally are remedial measures and not 'punishment' subject to the protections of the Eighth Amendment." *WCI, Inc. v. Ohio State Liquor Control Comm.*, 68 N.E.3d 250, 256 (Ohio 2016)(citing *Four Horsemen, Inc. v. Ohio Liquor Comm.,* 10th Dist. No. 97APE05–612, 1997 WL 578774 (Sept. 16, 1997), and *Austin v. United States,* 509 U.S. 602, 609 (1993)). The Eighth Amendment to the United States Constitution relates to criminal proceedings, not civil proceedings like statutory appeals filed

under Ohio Rev. Code § 119.12. *WCI, Inc. v. Ohio State Liquor Control Comm.* 68 N.E.3d at 256-57 (citing *Auchi v. Liquor Control Comm.,* 10th Dist. No. 06AP–493, 2006-Ohio-6003, 2006 WL 3292209, ¶ 10. (Ohio App. 2006)).

**E.    As Applied**

Plaintiff has not alleged facts that would allow the Court to find any of its as applied challenges valid. See *HDV Cleveland, LLC v. Ohio Liquor Control Comm'n*, 2017-Ohio-9032, ¶ 22, 101 N.E.3d 1025, 1033*; J.L. Spoons, Inc. v. Ohio Dep't of Pub. Safety*, 31 F. Supp. 3d 933, 951 (N.D. Ohio 2014).

Finally, WCI fails to name Defendant Born or the Department of Public Safety in any of the Counts listed in the complaint.   All of WCI's allegations are rendered against the Commission, thus, failing to state a claim against two Defendants in any event.

**F.    Conclusion**

Because the complaint does not allege any constitutional violations, the Court **GRANTS** Motion to Dismiss for Failure to State a Claim by Defendants Ohio Department of Public Safety, Ohio Liquor Control Commission, ECF 6, and **TERMINATES** the instant case from the dockets of the United States District Court, Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** this Wednesday, September 5, 2018.


s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE