# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**WCI, Inc.,**

*Plaintiff,*

**v.**                                                           **Case No.: 3:17-cv-282**
                                                                 **Judge Thomas M. Rose**

**Ohio Department of Public Safety, et al.,**

*Defendants.*

---

**ENTRY AND ORDER REJECTING REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE. (ECF 26); OVERRULING PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION (ECF 28); SUSTAINING DEFENDANTS' OBJECTION TO THE REPORT AND RECOMMENDATION (ECF 27); GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION, (ECF 22), AND TERMINATING CASE.**

---

The instant case is on remand from the United States Court of Appeals for the Sixth Circuit. See *WCI, Inc. v. Ohio Department of Public Safety*, 774 F. App'x 959 (6th Cir. 2019). The panel noted:

> WCI filed this suit in the district court, alleging constitutional violations and seeking declaratory and injunctive relief against the Commission and the Department. In its complaint, WCI claimed to have preserved its right to plenary adjudication of these issues in federal court pursuant to *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964). The defendants did not answer the complaint or specifically deny the *England* reservation claim, but instead moved to dismiss the complaint for failure to state a claim upon which relief could be granted.
>
> For purposes of this appeal, we assume without deciding that WCI properly invoked its *England* reservation, but we recognize

that this question might warrant further analysis on remand. See id. at 418–19 ("But we see no reason why a party, after unreservedly litigating his federal claims in the state courts although not required to do so, should be allowed to ignore the adverse state decision and start all over again in the District Court."); *Trafalgar Corp. v. Miami Cty. Bd. of Comm'rs*, 519 F.3d 285, 288 (6th Cir. 2008) ("Furthermore, because [the plaintiff] asserted federal issues in its complaint at the state court level, it cannot now claim to have reserved its federal causes of action for subsequent litigation in federal court under ... *England*[.]"); see also *Lumbard v. City of Ann Arbor*, 913 F.3d 585, 589–90 (6th Cir. 2019) (recognizing *England* limitations).

*WCI, Inc. v. Ohio Dep't of Pub. Safety*, 774 F. App'x 959, 961 (6th Cir. 2019).

An *England* reservation permits a plaintiff who is in state court because a federal court abstained from ruling on questions of state law to reserve federal claims for subsequent review in a federal forum.   A party making an *England* reservation has a duty to make a *Windsor* notification to the state court of the claims being reserved, so that the state court can interpret state law with an eye to the coming federal challenges, but the party must not actually litigate the claims in the state court. *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 495–96 (6th Cir. 2001) (citing "*Government and Civic Employees Organizing Committee v. Windsor*, 353 U.S. 364, 366 (1957), *England*, 375 U.S. at 420, and *NAACP v. Button*, 371 U.S. 415, 427 (1963)).

For a while, the Sixth Circuit extended *England* beyond cases of federal abstention, in order to permit a plaintiff to reserve federal claims—and thereby avoid the *Rooker-Feldman* doctrine[1]—in cases where the plaintiff is procedurally obligated to bring an initial state court

---

1  The *Rooker-Feldman*, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), bars a federal district court from exercising subject matter jurisdiction over cases "brought by state-court losers complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).   The doctrine emanates in part from the

action. See *DLX, Inc. v. Kentucky*, 381 F.3d 511, 523, n.9 (6th Cir. 2004) (given that state

court action is a condition precedent for ripeness of a federal takings claim, claim preclusion

does not bar subsequent federal takings action where plaintiff reserved federal claims in the

state court proceeding) (internal citation omitted).   The *DLX* extension, however, has been

abrogated:

> Appellants argue that our opinion in *DLX* means that, in the Sixth
> Circuit, claims properly reserved under *England* are not subject to
> claim preclusion when litigants are involuntarily forced into state
> court under *Williamson*.   On this point, the Appellants correctly
> characterize our ruling in *DLX*.   However, the Supreme Court in
> *San Remo Hotel, L.P. v. City and County of San Francisco*, 545
> U.S. 323 (2005), clearly overruled this circuit, along with others,
> with respect to our *DLX* claim-preclusion exemption. *San Remo*,
> 545 U.S. at 345 (overruling *Santini v. Conn. Haz. Waste Mgmt.
> Serv.*, 342 F.3d 118 (2d Cir. 2003)).   The *San Remo* court held that
> there are no judicial exceptions to the Full Faith and Credit Statute,
> 28 U.S.C. § 1738,[2] "simply to guarantee that all takings plaintiffs
> can have their day in federal court." Id. at 339.   "Even when the
> plaintiff's resort to state court is involuntary ... we have held that
> Congress must clearly manifest its intent to depart from § 1738." Id.
> at 345 (internal quotation marks omitted).   When § 1738 applies to
> a state court decision, both issue preclusion and claim preclusion
> apply.   "This statute has long been understood to encompass the
> doctrines of *res judicata*, or 'claim preclusion,' and collateral
> estoppel, or 'issue preclusion.'" Id. at 336 (citing *Allen v. McCurry*,
> 449 U.S. 90, 94–96 (1980)).   The preclusion doctrines under § 1738
> apply to subsequent litigation in federal court to the same extent that
> they would in the state courts in which the judgment was rendered.
> See *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81
> (1984).

---

provisions of 28 U.S.C. § 1257(a) to hold that federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts. *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (noting that "the proper course of action" when a plaintiff complains of an injury directly caused by a state-court judgment "is to appeal the judgment through the state-court system and then to seek review by writ of certiorari from the U.S. Supreme Court.").

2 "The … judicial proceedings of any court of any such State…shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738 (West)

*Lumbard v. City of Ann Arbor*, 913 F.3d 585, 589–90 (6th Cir.), cert. denied, 140 S. Ct. 267,

205 L. Ed. 2d 133 (2019).   The *Rooker-Feldman* doctrine is jurisdictional. *Exxon Mobil*

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

> Thus,

> under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give a prior adjudication by a state court the same preclusive effect that it would have under the law of the state whose court issued the judgment. See *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80–81 (1984); *Lumbard v. City of Ann Arbor*, 913 F.3d 585, 590 (6th Cir. 2019).   "When [28 U.S.C.] § 1738 applies to a state court decision, both issue preclusion [collateral estoppel] and claim preclusion [*res judicata*] apply." *Lumbard*, 913 F.3d at 590 (citing S*an Remo Hotel, L.P. v. City & Cty. of San Francisco*, 545 U.S. 323, 336 (2005)).   Accordingly, a judgment in [a] state court[] has the same claim preclusive effect in federal court that the judgment would have in [that state's] courts. *Migra*, 465 U.S. at 85; *Hutcherson v. Lauderdale Cty., Tenn.*, 326 F.3d 747, 758 (6th Cir. 2003).

*West v. Parker*, 783 F. App'x 506, 511-12 (6th Cir.), cert. denied, 140 S. Ct. 25, 204 L. Ed. 2d

1181 (2019) (Boggs, J.).

> In Ohio, *res judicata* involves both claim preclusion and issue preclusion. *Grava v. Parkman Township*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995).   Under claim preclusion, a valid, final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Kirkhart v. Keiper*, 101 Ohio St. 3d 377, 378, 2004-Ohio-1496, 805 N.E.2d 1089.   Claim preclusion not only bars claims and defenses that were actually brought in the prior action, but also those that were part of the same transaction or occurrence that could have been brought. *Grava*, 73 Ohio St. 3d at 382, 653 N.E.2d 226; *Kocinski v. Reynolds*, 6th Dist. Lucas No. L-99-1318, 2000 WL 1132778, at *2, 2000 Ohio App. LEXIS 3595, *4 (Aug. 11, 2000). "Transaction" is defined as a "common nucleus of operative facts." *Grava*, 73 Ohio St. at 382.

> * * * * * * * * *

4

> Along with claim preclusion, collateral estoppel operates to uphold the past determinations of issues and claims by courts, preserving resources, promoting judicial economy and reducing the possibility of inconsistent decisions. *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

*Hake v. Simpson*, No. 3:17-CV-420, 2018 WL 3973098, at *5 (S.D. Ohio Aug. 20, 2018), aff'd, 770 F. App'x 733 (6th Cir. 2019) (Rose, J.).

Here, the Ohio appellate court summarized the constitutional claims raised in the assignments of error in state court:

> III. The Ohio State Liquor control commission's decision is unconstitutional because it is overbroad and cannot be reconciled with other penalties for more serious violations.

> IV. The Ohio State Liquor Control Commission's penalty violates the appellant's 8th Amendment rights by being overwhelmingly excessive.

ECF 1-5, PageID 32.

Plaintiff received a valid, final judgment on the merits of these claims, when the court rejected them.   This bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 378, 2004-Ohio-1496, 805 N.E.2d 1089.   The claims and defenses that were actually brought in Plaintiff's state-court action are barred, as well as those that were part of the same transaction or occurrence that could have been brought. *Grava*, 73 Ohio St. 3d at 382, 653 N.E.2d 226.   This includes WCI's due-process, takings and Eighth-Amendment claims.   In short, WCI's III, IV, V, VII and VIII claims are barred.[3]

---

3  Plaintiff's claims would be barred even without the holding of *San Remo Hotel*, as a review of the record reveals that Plaintiff did not make a valid *England* reservation.   While Plaintiff formally invoked *England*, Plaintiff proceeded to actively litigate the claims it brings to this forum.   *Windsor* requires informing the state court of the federal claims that will be subsequently brought, so that questions of state law can be made with an eye to those

While Plaintiff asserts their claims survive *Rooker-Feldman*, they would still face jurisdictional hurdles.   Under the Eleventh Amendment to the U.S. Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. See *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("This [Eleventh Amendment] withdrawal of jurisdiction effectively confers an immunity from suit.   Thus, 'this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'") (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–663 (1974)); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984) ("[I]f a lawsuit against state officials under 42 U.S.C. § 1983 alleges a constitutional claim, the federal court is barred from awarding damages against the state treasury even though the claim arises under the Constitution.   Similarly, if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim.") (citation omitted); *Alabama v.*

---

challenges.   A party my not, however, claim to be merely fulfilling *Windsor*, and proceed to list the "reserved" federal claims in the assignments of error. *Trafalgar Corp. v. Miami Cty. Bd. of Comm'rs*, 519 F.3d 285, 287–88 (6th Cir. 2008) ("because Trafalgar asserted federal issues in its complaint at the state court level, it cannot now claim to have reserved its federal causes of action for subsequent litigation in federal court under *DLX* or *England*.").   See also, Appellate Brief, filed Dec. 10, 2015, and Notice of Appeal, field September 10, 2015, *WCI, Inc. v. Ohio State Liquor Control Comm.,* 15-cv-7970, 16AP-72, 2016-Ohio-4778, 68 N.E.3d 250 (10th Dist. Ct. App. 2016) available at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/.   A court may *sua sponte* take notice of another court's order for the limited purpose of recognizing the subject matter of the litigation. *Auto-Owners Ins. Co. v. Morris*, 191 F. Supp. 3d 1302, 1304–05 (N.D. Ala. 2016) (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) and *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)).

Plaintiff cannot avoid *res judicata* by means of a talismanic invocation of *England*.
*Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 497 (6th Cir. 2001) ("His argument on appeal to the Michigan Court of Appeals thus went far beyond the limited-notice requirement of *Windsor*.   Anderson therefore waived his right to pursue these claims in federal court, despite the district court's retention of the federal claims.").

*Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and [one of its departments] is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").   Not only does this independently wipe out Plaintiff's claims for monetary damages, it would do away with declaratory and prospective injunctive relief.

Plaintiff points out an exception to the Eleventh Amendment bar, "a federal court may, without violating the Eleventh Amendment, issue a prospective injunction against a state officer to end a continuing violation of federal law." *Ex Parte Young* at 203 U.S. at 159; *Wolfel v. Morris*, 972 F.2d 712, 719 (6th Cir. 1992) ("[T]he eleventh amendment is not a bar to injunctive relief against the defendants in their official capacities."); *Verizon Md., Inc. PSC*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'") citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997).

However, declaratory and injunctive relief against State officials sued in their official capacities should not be granted where the future injury is speculative or may never occur. See *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1072 (6th Cir. 1998); see also *Ford v. Department of Justice*, 6th Cir. Case No. 98-5495, 1999 U.S. App. LEXIS 13302 *4 (June 11, 1999).   A plaintiff must "show that future harm to him *is certainly impending*." *Buckley v. Ray*, 848 F.3d 855, 867 n.10 (8th Cir. 2017) (Emphasis in original).   A likelihood of repetition must be shown. Id.

WCI's threat of facing unfair sanctions remains speculative and unlikely to occur, because sanctions do not arise until a violation is found. WCI's complaint details several measures it has taken to avoid future liquor violations, suggesting that it will not violate again. Comp., ¶¶23-28, ECF 1, PageID 5-6. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). Read in its entirety, the Complaint alleges that WCI will not violate Rule 52 in the future. WCI's request for a prospective injunction is not ripe for adjudication because it rests upon contingent future events that may not occur as anticipated or, as is more likely the case, may not occur at all. Compare *Berry v. Schmitt*, 688 F.3d 290, 297 (6th Cir. 2012) ("warning letter implied a threat of future enforcement that elevated the injury from subjective chill to actual injury."). Thus, declaratory and prospective injunctive relief is not available due to the absence of an imminent threat.

Finally, the Court will consider Plaintiff's custom and practice claims.[4] Under Article III, "this court only possesses jurisdiction over actual cases and controversies that will affect the rights of the litigants." *Marquart v. McGinnis*, 22 F. App'x 383, 384 (6th Cir. 2001), citing, *Rosales-Garcia v. Holland*, 238 F.3d 704, 713 (6th Cir. 2001). The Complaint does not allege that WCI itself will be affected in the future by the claimed "custom[s] and practice[s]" on the part of the Commission. Indeed, the state court has ruled that Plaintiff's rights were not violated in the instant case.

---

[4] The Sixth Circuit has affirmed dismissal of the only claim to mention "customs and practices." *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 774 F. App'x 959, 967 (6th Cir. 2019) ("We AFFIRM the district court's decision as to Counts I, II, and VI of WCI's complaint."). They are also barred by *Rooker-Feldman* , but the Court will address Plaintiff's argument that they survive, underlying other claims.

8

Nevertheless, the Sixth Circuit, after instructing the Court to consider the *England* reservation, stated "On remand, the district court is instructed that WCI has a property interest in its Ohio liquor license. This district court must consider, under the framework of *Mathews*, [*v. Eldridge*, 424 U.S. 319, 335 (1976)] whether Ohio provided sufficient procedural protection to satisfy the requirements of due process." *WCI*, 774 F. App'x at 965. The Sixth Circuit has repeatedly ruled that Ohio Rev. Code Chapter 119 satisfies procedural due process: *Comsia v. Mangnone*, No. 85-4060, 1987 WL 35877 *1 (6th Cir. 1987) ("The State of Ohio provides an adequate post-deprivation proceeding for the plaintiff to pursue which satisfies the requirements of procedural due process."); *Haddix v. Simon*, 84-3951, 1986 WL 16826 *1 (6th Cir. 1986) ("the State of Ohio has provided meaningful pre-deprivation and post-deprivation remedies for one adversely affected by decisions of the State of Ohio Liquor Control Commission.").[5] Nothing has changed with regard to this question.[6]

---

5 "Federal courts, in adopting rules, are not free to extend the judicial power of the United States described in Article III of the Constitution. *Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992). The judicial power of the United States is limited by the doctrine of precedent." *Anastasoff v. United States*, 223 F.3d 898, 905 (8th Cir.), opinion vacated as moot on reh'g *en banc*, 235 F.3d 1054 (8th Cir. 2000). "Following from the limitation of rule making about matters of substance, even nonprecedential status rules made by federal courts pursuant to their inherent Article III power would arguably be *ultra vires*." Penelope Pether, *Constitutional Solipsism: Toward A Thick Doctrine of Article III Duty; or Why the Federal Circuits' Nonprecedential Status Rules Are (Profoundly) Unconstitutional*, 17 Wm. & Mary Bill Rts. J. 955, 996 (2009).

6 Additionally, Defendant Thomas Stickrath, the Director of the Ohio Department of Public Safety (substituted automatically for previous Director John Born), is **DISMISSED**. See Complaint ("Comp."), ¶ 2. There are no allegations against the Director of Public Safety. The Report and Recommendation made no recommendation as regards the motion to dismiss him, possibly overlooking this because Plaintiff did not oppose it. Ohio law defines Stickrath's authority, see, e.g., Ohio Revised Code §§ 5502.01 & 5502.011, and no provision authorizes Stickrath or any of his agents in the Department of Public Safety to impose penalties on liquor permit holders for violations of Ohio liquor control law. The Department investigates and present charges to the Commission, which adjudicates and imposes penalties. The Complaint thus states no viable claim against him.

A Report and Recommendation, (ECF 25), would have the Court grant in part Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF 22) under Rule 12(b)(1), dismiss WCI's claims for monetary damages as barred under Fed. R. Civ. P. 12(b)(1) by the Eleventh Amendment; and otherwise deny Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF 22) under Rule 12(b)(1).   For the reasons stated above, the Report and Recommendations of the Magistrate Judge, (ECF 25) is **REJECTED.** Plaintiff's Objection to the Report and Recommendation (ECF 28) is **OVERRULED.** Defendants' Objection to the Report and Recommendation (ECF 27) is **SUSTAINED**. Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF 22) is **GRANTED**.

The instant case is **TERMINATED** on the dockets of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** this 30th day of July, 2020.


**s/THOMAS M. ROSE**

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE